# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CORBIN J. HOWARD, | : | |
| Plaintiff, | : | Case No. 3:11cv00040 |
| vs. | : | District Judge Timothy S. Black<br>Magistrate Judge Sharon L. Ovington |
| REID HOSPITAL, et al., | : | |
| | | **REPORT AND RECOMMENDATIONS**[1] |
| Defendants. | : | |

Plaintiff Corbin J. Howard, a resident of Eaton, Ohio, bring this case pro se naming as defendants Reid Hospital of Richmond, Indiana and two individual employees of Reid Hospital. Plaintiff alleges: "In July of 2009, an unknown male and my ex-wife used my personal information to obtain services of Reid Hospital. Reid Hospital failed to notify me of an open account." (Doc. #2 at 6). Plaintiff further alleges that despite his efforts to resolve with Reid Hospital the dispute over his alleged bill as well as the fraud that caused it in the first place, Reid Hospital filed a case in "Wayne Superior Court." *Id*. at 6-8. That case led to the garnishment of his wages, presumably based on a judgment Reid Hospital obtained against Plaintiff.

As relief in this case, Plaintiff seeks in part, "a refund of all garnished wages and related fees." (Doc. #2 at 9). Plaintiff's Complaint does not indicate the amount he seeks to recover, the amount of the unpaid bill he allegedly owes Reid Hospital, or the amount of

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

the judgment issued against him that resulted in the garnishment of his wages. Upon a prior review of Plaintiff's Complaint, the Court observed:

> [B]efore this Court may exercise jurisdiction over such state-law claims, Plaintiff must allege some facts, which if accepted as true, demonstrate that his damages meet the statutory amount-in-controversy requirement for diversity jurisdiction. *See* 28 U.S.C. §1332. This should be a straightforward matter. Plaintiff need only file an amended complaint stating the amount of the unpaid bill he allegedly owes Reid Hospital and/or the amount of judgment Reid Hospital obtained against him in Wayne Superior Court. Once Plaintiff files an amended complaint, the Court will review it as required by 28 U.S.C. §1915(d)(3).

(Doc. #3 at 18). Plaintiff filed a response explaining, "The total I am asking to be reimbursed is $1,484.09. This includes all wages that have or will be garnished, $12.00 for the garnishment fees assessed, $5.00 to cover paper, envelopes and postage costs related to the filing of this complaint and $20.00 for gas costs from having to drive back and forth to Richmond, IN to go to court and to the hospital numerous times to try to get this issue resolved." (Doc. #4). He further states, "The amount still owed is $391.29 as of 3/1/11." *Id*.

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. §1915. The case is presently before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, plus his additional allegations concerning the amount he seeks to recover, should be dismissed because it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915(e)(2)(B). If the Complaint raises a claim with an arguable or rational basis in fact or law, it is neither frivolous nor malicious and it may not be dismissed *sua sponte*. *Brand v. Motley*, 526 F.3d

921, 923-24 (6th Cir. 2008); *see Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A Complaint has no arguable factual basis when its allegations are "fantastic or delusional." *Brand*, 526 F.3d at 923 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)); *see Lawler,* 898 F.2d at 1199. A Complaint has no arguable legal basis when it presents "indisputably meritless" legal theories – for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *See Neitzke,* 490 U.S. at 327-28; *see also Brand*, 526 F.3d at 923. The main issue thus presented by a *sua sponte* review at this early stage of the case is "whether [the] complaint makes an arguable legal claim and is based on rational facts." *Brand*, 526 F.3d at 923-24 (citing *Lawler*, 898 F.2d at 1198).

Plaintiff's Complaint does not allege fantastic or delusional facts. Accepting his factual allegations as true and construing his *pro se* Complaint and additional allegations liberally in his favor reveals that he seeks to raise a state-law claim of wrongful garnishment. *See, e.g., Todd v. Weltman, Weinberg & Reis Co., L.P.A.*, 434 F.3d 432, 443-44 (6th Cir. 2006).

Turning to subject matter jurisdiction, it appears, and the Court assumes, that the parties are citizens of different states and thus meet the jurisdictional diversity-of-citizenship requirement. *See* 28 U.S.C. §1332(a)(1). Yet before this Court may exercise diversity jurisdiction over Plaintiff's claim, he must also allege some facts, which if accepted as true, demonstrate that "the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs...." 28 U.S.C. §1332(a). "To defeat diversity jurisdiction, '[i]t must

3

appear to a legal certainty that the claim is really for less than the jurisdictional amount.' Generally, the amount claimed by the plaintiff in the complaint rules, as long as claimed in good faith...." *Charvat v. GVN Michigan, Inc.,*, 561 F.3d 623, 628 (6th Cir. 2009)(internal citation omitted). Accepting Plaintiff's allegations as true and construing his Complaint liberally in his favor reveals that the amount he seeks to recover really is far less than the minimum statutory amount – above $75,000 – necessary to support this Court's exercise of diversity jurisdiction. Adding together all the money he seeks to recover, including the amount he still purportedly owes Reid Hospital ($391.29), the amount totals less than $2,000.00. *See* Doc. #4. It therefore appears to a legal certainty that the amount in controversy is insufficient to satisfy the jurisdictional minimum set by 28 U.S.C. §1332(a).

Accordingly, Plaintiff's Complaint must be dismissed under 28 U.S.C. §1915(e)(2)(B) for lack of subject matter jurisdiction.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Complaint be DISMISSED without prejudice to renewal in state court;

2. The Court certify pursuant to 28 U.S.C. §1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and

3. The case be terminated on the docket of this Court.

March 4, 2011

                                                  s/Sharon L. Ovington
                                                   Sharon L. Ovington
                                        United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).